# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE HELICOPTER CRASH NEAR WENDLE CREEK, BRITISH COLUMBIA ON AUGUST 8, 2002 | MULTIDISTRICT LITIGATION NO. 3:04md1649 (SRU) |

## RULING ON CROMAN CORPORATION'S REQUEST TO DENY CONSENT TO TRANSFER

This case arises out of a tragic helicopter crash in British Columbia in which two Canadian pilots died. The accident spurred litigation between multiple parties and in multiple districts. The Judicial Panel on Multidistrict Litigation ("JPML") consolidated the cases for pretrial purposes in this court. The original claims made by the pilots' surviving spouses were subsequently settled. The only remaining claims consist, essentially, of actions for indemnification and contribution between companies that manufactured, sold, or otherwise possessed the subject helicopter's allegedly faulty components.

One such claim for indemnification, contribution, and declaratory relief was made by, among other parties, Sikorsky Aircraft Corporation ("Sikorsky") and Helicopter Support, Inc. ("HSI") against Croman Corporation ("Croman"), an Oregon corporation. That particular claim, made in Connecticut and after the cases had been transferred to this court and consolidated for pretrial purposes, was subsequently dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. *In re Helicopter Crash near Wendle Creek, B.C. on August 8, 2002*, 485 F. Supp. 2d 47 (D. Conn. 2007). I assume familiarity with the facts and procedural background set forth in that opinion. In dismissing the claims, I "strongly encourage[d] the JPML to treat [any future] claims against Croman as a follow-on action and

transfer the case to this district for consolidation with this multi-district litigation proceeding." *Id*. at 12.

Since the dismissal, the remaining claims for indemnification and contribution have been substantially resolved, although the MDL case still remains open. Meanwhile, Sikorsky and HSI refiled their claims for indemnification and contribution against Croman in the District of Oregon, and moved for the JPML to transfer the case back to Connecticut for pre-trial purposes. The JPML granted the motion because the case "involves common questions of fact with the actions in [the] litigation previously transferred to the District of Connecticut," and a transfer would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Transfer Order of April 4, 2008, Doc. #311. The JPML also stated that "pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Stefan R. Underhill for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket." *Id*.

Croman now requests that I deny consent to the transfer and return the case to the District of Oregon. It argues that I have authority to deny consent pursuant to 28 U.S.C. § 1407(b). That statute provides, in relevant part:

> Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title [28 U.S.C. §§ 291 *et seq*.]. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district.

28 U.S.C. § 1407(b). The statute implies that a particular judicial district to which a case is

-2-

transferred has the authority to withhold its consent to the the JPML's decision to assign the case to a particular judge within that judicial district. Absent that consent, the transferee district would decide which of its judges would preside over the case, presumably by means of random selection. Nothing in section 1407(b), however, grants the transferee judge within a transferee judicial district the authority to deny consent to the transfer of a case to the judicial district in the first instance. To hold otherwise would be to allow any judge the authority to overrule a decision of the JPML to transfer a case. Such a result would undermine the JPML's basic goal; "to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation [and] to assure the just and efficient conduct of such actions." *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978) (internal quotations omitted).

As such, Croman's request to deny consent to transfer **(doc. # 312)** is **DENIED**. The parties shall contact chambers within five days of the entry of this order to schedule a telephonic status conference.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of May 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge