UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE HELICOPTER CRASH NEAR WENDLE CREEK, BRITISH COLUMBIA, ON AUGUST 8, 2002 | Docket No. 3:04md1649 (SRU) |
| THIS DOCUMENT RELATES TO: | ALL ACTIONS |

### RULING on MOTION TO AMEND COMPLAINT

The plaintiffs, Sikorsky Aircraft Corporation and Helicopter Support, Inc. (collectively, "Sikorsky"), move for leave to amend their complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure, as well as Local Rule 7(f). Specifically, Sikorsky seeks to add new causes of action under the Lanham Act and for negligent and intentional spoliation of evidence. Defendant Croman corporation objects only to the addition of spoliation causes of action and argues that those causes of action are not recognized under Oregon law.[1] Accordingly, Croman argues that amendment to add spoliation claims would be futile.

A motion to amend will not be allowed under Rule 15(a)(2) if it is futile – that is, "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). If Oregon law does not recognize negligent and intentional spoliation as causes of action, and instead only permits that evidentiary inferences be drawn from spoliation, Croman's objection should be sustained. If Oregon law does recognizes those causes of action, or is silent with

---

[1] This case is before me as the only remaining case in a multi-district litigation action. Oregon law applies here because, when trial ready, I will return this case to the United States District Court for the District of Oregon, where it was originally filed.

respect to those causes of action but I predict the Oregon Supreme Court would recognize them, Sikorsky's motion for leave to amend should be granted.

The Oregon Supreme Court has not yet considered whether intentional or negligent spoliation claims present cognizable causes of action. In such instances, "[i]n the absence of controlling forum state law, a federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case." *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980). Croman argues that, in exercising my "best judgment in predicting how [Oregon]'s highest court would decide the case," I should be persuaded by the holding in *Blincoe v. Western States Chiropractic College*, 2007 WL 2071916 (D. Or. July 14, 2007). In *Blincoe*, Magistrate Judge Papak recommended granting the defendant's motion to dismiss an intentional spoliation claim and concluded that "Oregon law does not recognize the tort of intentional spoliation of evidence by a party." 2007 WL 2071916, at *7. Judge Papak's analysis considered the law of other states, as well as Oregon's numerous statutory, non-tortious remedies dealing with spoliation of evidence, in reaching that conclusion. *Id*. at *7-9.[2]

In the time since *Blincoe*, although the Oregon Supreme Court has not addressed whether intentional or negligent spoliation causes of action are recognized under the law of the state, the Court of Appeals of Oregon discussed and recognized a claim of negligent spoliation of evidence. In *Marcum v. Adventist Health System/West*, 168 P.3d 1214, 1228-29 (Or. App. 2007),

---

[2] Although Judge Papak's findings and recommendation in *Blincoe* were adopted by the district court, the district court did not consider or develop the spoliation questions any further; neither did Magistrate Judge Papak in later proceedings. *Blincoe v. Western States Chiropractic College*, 2008 WL 362459, *1 (D. Or. Feb. 06, 2008).

*rev'd on other grounds,* 193 P.3d 1 (Or. 2008), the Oregon appellate court acknowledged the parties' dispute regarding spoliation causes of action under Oregon law, declined to "address the precise contours" of a negligent spoliation claim, and ultimately held that the plaintiff-appellant's negligent spoliation claim failed.  Nonetheless, the *Marcum* court discussed the merits of that claim:

> We need not, and do not, address the precise contours of a cognizable claim for "negligent spoliation" under Oregon law.  That is so because plaintiff here failed to make a prima facie showing that defendants' alleged failure to maintain or produce the allegedly "missing" records materially impaired her prosecution of her medical negligence and informed consent claims.
>
> Plaintiff's "negligent spoliation" claim is akin to a legal malpractice claim in that "damages arise from the loss" – or diminution of value – of an underlying claim. . . . [P]laintiff's primary medical negligence and informed consent claims ultimately failed for lack of proof of scientific/medical causation.  Plaintiff argues that, if the allegedly absent records had been created or maintained and produced, Williamson might have been provided with the "missing link" that would have enabled him to identify and persuasively explain the causal relationship between gadolinium extravasation and Raynaud's syndrome. Specifically, plaintiff points to the fact that no records reflect the amount of gadolinium used during the procedure. . . .
>
> Accordingly, on this record, there is no evidence that plaintiff's prosecution of her primary claims was materially impaired by the absence of such information-whether because of affirmative "spoliation" or by any negligent failure to create, maintain, or produce records pertaining to the MRI procedure.

168 P.3d at 1228-29 (internal citation and quotation marks omitted).  Even without discussing the precise nature and elements of a negligent spoliation claim, absent further guidance or development from the Oregon Supreme Court, the appellate court's decision in *Marcum* indicates that Sikorsky's proposed amendments adding spoliation claims would not be futile.  Absent a more recent or more authoritative ruling to the contrary, I predict on the basis of the *Marcum* decision that the Supreme Court of Oregon would recognize intentional and negligent

spoliation of evidence as causes of action.[3]  "In the absence of a pronouncement by the highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of the state unless there is convincing evidence that the highest court of the state would decide differently."  *Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983).  Here, there is no convincing evidence that the Oregon Supreme Court would not recognize spoliation causes of action.  Accordingly, Sikorsky's motion for leave to amend (**doc. #361**) is GRANTED.

Dated at Bridgeport, Connecticut, this 18th day of May 2009.

/s/
Stefan R. Underhill
United States District Judge

---

[3] The Court of Appeals of Oregon discussed negligent spoliation of evidence, but did not address the question of intentional spoliation.  Because intentional spoliation, by its nature, involves a more deliberate action than negligent spoliation, I believe that, if the Oregon Supreme Court were to recognize negligent spoliation as a cause of action, the court would also recognize intentional spoliation of evidence as a cause of action.